# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TYLER SCOTT STANLEY**,

    Plaintiff,

  v.                              Case No. 19-CV-365

**CATHY JESS,
WILLIAM POLLARD,
JEAN LUTSEY,
RACHEL M. LARSON,
RN BAHER, and
JOHN AND JANE DOES 1-4,**

    Defendants.

## SCREENING ORDER

Plaintiff Tyler Stanley filed a complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated. On April 8, 2019, the court dismissed his complaint without prejudice based on his failure to state a claim. (ECF No. 11.) The court gave him the opportunity to file an amended complaint, which he did on April 12, 2019. As required by 28 U.S.C. § 1915A, the court will screen his amended complaint to determine whether he states claims with which he may proceed.

Stanley alleges that since 2016 he has been interacting with defendants Rachel Larson, RN Baher, and John/Jane Doe nurses about severe pain throughout his body. He explains that he was diagnosed at age twelve with Lyme disease, but no tests have been run to determine whether that or something else is the cause of his pain. He

asserts that he is so weak he can barely pull himself on to the top bunk, yet his requests for a lower-bunk restriction have been denied. Stanley alleges that he has told the nurses that the ibuprofen, Tylenol, and muscle rub they have prescribed do not address his pain, but they keep telling him to use it. He asserts that they have encouraged him to walk around, but the exercise has made the pain worse.

Stanley also alleges that he submitted inmate complaints to Cathy Jess and the inmate complaint examiner in Madison. He asserts that defendants William Pollard and Jean Lutsey are in charge of ensuring inmates receive proper healthcare.

As the court explained when it screened Stanley's original complaint, a supervisor will be held liable for a subordinate's misconduct only if the supervisor knew about the misconduct and facilitated it, approved it, condoned it, or turned a blind eye to it. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . ." *Id.* (quoting *Jones*, 856 F.2d at 992). Stanley asserts that he is suing Pollard and Lutsey because they are supervisors who are responsible for ensuring that inmates receive adequate healthcare. This general duty, on its own, does not form the basis of a claim under § 1983. Accordingly, the court will dismiss Pollard and Lutsey as defendants.

Stanley also fails to state a claim against Cathy Jess, the Secretary of the Wisconsin Department of Corrections, based on his allegations that he submitted inmate complaints about the allegedly inadequate medical care he was receiving.

2

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). The court will dismiss Jess, whose alleged involvement was limited to reviewing decisions on Stanley's inmate complaints.

The court will, however, allow Stanley to proceed on a deliberate-indifference claim against Rachel Larson, RN Baher, and the John/Jane Doe nurses based on his allegations that, despite his complaints of severe pain throughout his body, they persisted in treatment that he informed them was ineffective and also refused to give him a lower-bunk restriction. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (holding that persistence in treatment that is known to be ineffective violates the Eighth Amendment) (citations omitted).

Because Stanley is suing John and Jane Does, he will need to use discovery to learn their names. After the named defendants have an opportunity to respond to the amended complaint and after the court sets deadlines for the completion of discovery and the filing of dispositive motions, Stanley may serve discovery requests upon the named defendants in an effort to learn the names of the Doe defendants. Once he learns their names, he must file a motion to substitute their names for the Doe placeholders.

3

**IT IS THEREFORE ORDERED** that defendants Cathy Jess, William Pollard, and Jean Lutsey are **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Stanley's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Rachel Larson and RN Baher.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Rachel Larson and RN Baher shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated in Milwaukee, Wisconsin this 24th day of April, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge