# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TYLER STANLEY,**

    Plaintiff,

v.                                                           Case No. 19-CV-365

**RACHEL M. LARSON, et al.,**

    Defendants.

## ORDER

Plaintiff Tyler Stanley, who is representing himself, filed a complaint under 42 U.S.C. § 1983. The Prison Litigation Reform Act (PLRA) applies to this case because Stanley was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

On September 9, 2019, the defendants filed a motion for summary judgment on the grounds that Stanley did not exhaust the available administrative remedies before he initiated this lawsuit. (ECF No. 25.) Less than a week later, Stanley filed a motion to dismiss this case. (ECF No. 29.) He explains that, before he filed his lawsuit, he was unaware that he had to first exhaust the available administrative remedies.

He states that he wants to take responsibility for his mistake and is willing to accept a "strike" under 28 U.S.C. § 1915(g).

The court will grant Stanley's motion to voluntarily dismiss his case; however, it will not assess a strike. A prisoner's failure to exhaust available administrative remedies before filing his lawsuit is not grounds for the court to assess a strike. 28 U.S.C. § 1915(g) (stating that a strike is warranted when a case is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted").

**IT IS THEREFORE ORDERED** that Stanley's motion to voluntarily dismiss this case (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin this 16th day of September, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge